IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Julio Arevalo, individually and on behalf of others similarly situated, Plaintiff
v.
A & S Breakfast, Inc. dba Annie's Pancake House & Argyro Varvouletos, individually, Defendants

## COMPLAINT

Julio Arevalo ("Julio"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), complains against A & S Breakfast, Inc. dba Annie's Pancake House ("Annie's Pancake House"), Argyro Varvouletos (individually "Argyro") (collectively, "Defendants"), and states:

### Introduction

1. Overtime and minimum wages are required by the FLSA and the IMWL.

2. This action seeks redress for Defendants' failure to pay Julio earned overtime and minimum wages.

3. Julio is a former employee of the Defendants and was not paid his earned overtime and minimum wages while working as a dishwasher at Defendants' restaurant.

4. Julio seeks to represent other similarly situated employees that were denied their earned minimum and overtime wages.

### Jurisdiction and Venue

5. 28 U.S.C. § 1331 provides the Court jurisdiction over Julio's FLSA claims.

6. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Julio's state claims.

7. Venue is properly placed in this judicial district because the facts and events giving rise to Julio's claims occurred in this judicial district.

## Facts

8. Defendants operated Annie's Pancake House located at 4900 Oakton Street in Skokie, Illinois within the three years preceding the filing of this complaint.

9. Argyros resides in and is domiciled in this judicial district.

10. Argyro is the owner of Annie's Pancake House and is involved in the day-to-day business operations of Annie's Pancake House and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

11. Annie's Pancake House is as an enterprise under 29 U.S.C. § 203(r)(1).

12. Annie's Pancake House is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. Annie's Pancake House had annual gross sales of $500,000.00 or more in the last three years.

14. Defendants were Julio's employer as defined by the FLSA and IMWL.

15. Julio was Defendants' employee as defined by the FLSA and IMWL.

16. Julio was employed by Defendants in Cook County, which is in this judicial district.

17. Julio worked for Defendants from March 2014 to December 2016.

18. Julio's job functions included washing dishes at Annie's Pancake House.

19. Defendants paid Julio entirely in cash.

20. Defendants paid Julio a weekly salary of $360, regardless of the hours he worked weekly.

21. Julio worked seven days weekly and up to 60 hours weekly.

22. Julio did not receive a bonified lunch break either because it was interrupted for work-related purposes or because he did not receive one at all.

## COUNT I: FLSA Overtime Wage Violation

23. Julio incorporates all paragraphs above as if fully restated below.

24. Julio's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

25. Julio was directed by Defendants to work more than forty (40) hours per week.

26. Throughout the course of Julio's employment with Defendant, Julio worked more than forty (40) hours weekly in one or more individual work weeks.

27. Defendants did not pay Julio overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

28. Defendants paid Julio his respective regular rate for all hours worked weekly, including hours worked over forty each week.

29. Julio's wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of job performance.

30. Julio's job functions were not exempt from the overtime provisions of the FLSA.

31. Defendants' failure to pay Julio overtime wages violated the FLSA.

32. Defendants' FLSA violation was willful.

33. Julio is entitled to unpaid overtime wages for three years before the filing of this lawsuit.

WHEREFORE, Julio respectfully requests that the Court:

A. Declare Defendants to be in violation of the FLSA;

B. Enter a judgment in the amount of all earned, unpaid overtime wages;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Award reasonable attorneys' fees and costs;

E. Enjoin Defendants from violating the FLSA; and

F. Grant any other relief the Court deems just.

## COUNT II: IMWL Overtime Wage Violation

34. Julio incorporates all paragraphs above as if fully restated below.

35. This Count arises from Defendants' failure to pay Julio and other employees all earned overtime wages in violation of the IMWL.

36. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

37. Defendants directed Julio to work more than forty (40) hours in individual work weeks.

38. Julio worked more than forty (40) hours in individual work weeks.

39. Defendants did not pay Julio his earned overtime wages.

40. Julio's job functions were not exempt from the overtime provisions of the IMWL.

41. Defendants' failure to pay Julio overtime wages violated the IMWL.

42. Under 820 ILCS 105/12(a), Julio is entitled to recover unpaid overtime wages for three years before the filing of this suit whether Defendants' violations were willful or not.

WHEREFORE, Julio respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in the amount of all earned, overtime wages;

C. Award statutory damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Award reasonable attorneys' fees and costs;

E. Enjoin Defendants from violating the IMWL; and

F. Grant any other relief the Court deems just.

## COUNT III: FLSA Minimum Wage Violation

43. Julio incorporates all paragraphs above as if fully restated below.

44. Julio's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

45. This count arises from Defendants' willful failure to pay all earned minimum wages to Julio and other similarly situated employees.

46. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

47. Defendants failed to pay Julio his earned minimum wages at a rate of at least $8.25 per hour.

48. Julio's job functions were not exempt from the minimum wage provisions of the IMWL.

49. Julio is owed his earned, unpaid minimum wages and liquidated damages.

WHEREFORE, Julio respectfully requests that the Court:

A. Declare Defendants to be in violation of the FLSA;

B. Enter a judgment in the amount of all earned, minimum wages;

C. Award liquidated damages in an amount equal to the amount of unpaid minimum wages;

D. Award reasonable attorneys' fees and costs;

E. Enjoin Defendants from violating the FLSA; and

F. Grant any other relief the Court deems just.

## COUNT IV: IMWL Minimum Wage Violation

50. Julio incorporates all paragraphs above as if fully restated below.

51. This count arises from Defendants' failure to pay Julio all of his earned minimum wages.

52. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

53. Defendants failed to pay Julio his earned minimum wages at a rate of at least $8.25 per hour.

54. Defendants violated the IMWL by failing to pay Julio his earned minimum wages.

55. Julio's job functions were not exempt from the minimum wage provisions of the IMWL.

56. Under 820 ILCS 105/12(a), Julio is entitled to recover unpaid minimum wages for three years before the filing of this suit whether Defendants' violations were willful or not.

WHEREFORE, Julio respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in the amount of all earned, minimum wages;

C. Award statutory damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs; and

F. Grant any other relief the Court deems just.

Respectfully submitted on Friday, January 06, 2017.

**Valentin T. Narvaez**
*Plaintiff's Counsel*
Consumer Law Group, LLC
6232 North Pulaski Road, Suite 200
Chicago, Illinois 60646
Direct: 312-878-1302
vnarvaez@yourclg.com